JOHN L. THOMPSON *vs.* BENJAMIN M. LEWIS.

Lincoln.    Opinion March 17, 1891.

*Fish.    Smelts.    Repeal.    Pleading.    Joinder of Counts.    Special Laws of 1867, c. 190; Stat. of 1878, c. 23; c. 75.*

Chapter 19 of Private and Special Laws of 1867, which provides a penalty for taking smelts from Damariscotta river, has not been repealed, either expressly or by implication.

A misjoinder of counts must be specially demurred to. If any one of the counts is good, the declaration must be sustained on general demurrer.

ON EXCEPTIONS.

This was an action of debt under chapter 190 of the Private and Special laws of 1867, entitled, "An act to regulate the taking of fish in the Damariscotta river."

The writ was dated April 3d, 1890,—and contains eleven counts.    The first count is as follows : "To answer unto John L. Thompson, of Newcastle, in the county of Lincoln, a fish and game warden, who sues this action as well for the State of Maine, as for himself, in a plea of debt; for that the said Benjamin M. Lewis, did on the 11th day of December, 1889, at said Bristol, take by the use of a net, a large number of fish called smelts, to wit : ten thousand smelts from the tide waters of the Damariscotta river, in said county of Lincoln, other than, and not from, so much of the waters of said river as are west of the railroad bridge near Damariscotta Mill, contrary to and in violation of an act of the Legislature of the State of Maine, entitled, "An act to regulate the taking of fish in the Damariscotta river," which act was approved January 25, 1867; whereby and by force of said act, the defendant has forfeited the sum of fifty dollars, one half thereof to the plaintiff's own use, and one half thereof to the use of the State of Maine."

The second, third, fourth, fifth and sixth counts are like the first except that the dates of the alleged offenses are named as the 23rd day of December, 1889 ; 24th day of December, 1889 ; 4th day of January, 1890 ; 6th day of January, 1890, and 7th day of January, 1890, respectively, and in each of said counts after the first, alleging that the defendant has thereby forfeited one other sum of fifty dollars, &c.

The seventh count is as follows : " Also, for that the said Benjamin M. Lewis, did on the 11th day of December, A. D. 1889, take by the use of a seine, a large number of fish, called smelts, to wit : ten thousand fish called smelts, from the tide waters of the Damariscotta river, in the county of Lincoln, other than, and not from, so much of the waters of said river as are west of the railroad bridge, near Damariscotta Mills, contrary to and in violation of an act of the Legislature of the State of Maine, entitled, 'An act to regulate the taking of fish in the Damariscotta river,' which act was approved January 25, 1867 ; whereby and by force of said act the defendant has forfeited one other sum of fifty dollars, one half thereof to the plaintiff's own use, and one half thereof to the use of the State of Maine."

The eighth, ninth, tenth and eleventh counts are like the foregoing (7th,) except that the dates of the alleged offenses are named as the 23rd day of December, 1889 ; 24th day of December, 1889 ; 4th day of January, 1890, and 7th day of January, 1890, respectively ; excepting also that the ninth count contains the words, "at said Bristol," after the date of taking, and in each of said counts, alleging that the defendant has thereby forfeited one other sum of fifty dollars, &c.

The declaration concludes as follows : " Yet though requested, the said defendant has not paid said sums, or any or either of them, but has neglected and refused so to do, and unjustly detains the same."

The defendant filed a general demurrer, which was joined by the plaintiff.

The presiding justice sustained the demurrer and adjudged the declaration bad ; and the plaintiff excepted.

*George B. Sawyer*, for defendant.

The original act, c. 190 of 1867, was printed among the private and special laws. It was a public law because it limited the rights of the public, and applied to the whole of Damariscotta river.

In 1869, in the general revision of the fishery laws, the Damariscotta river was exempted "from the operation of the provisions relating to the migratory fishes." Public Laws, 1869, c. 70, § 30. Smelts are migratory fishes. But for this exemption of the "Damariscotta river," the local act of 1867, would have been repealed by the act of 1869, *supra*, as inconsistent with it. The additional act of 1870, (c. 171,) made the same exemption of Damariscotta river. Both these acts contain numerous provisions in regard to migratory fishes, inconsistent with the local act of 1867. See act 1869, § 14, also § 13 ; act of 1870, § § 4, 5, prescribing different penalties and different periods of time. In 1878, c. 23, public laws of that year, the general exemption of the Damariscotta river, was repealed and the exemption was limited to, "so much of Damariscotta river as is west of the railroad bridge, near Damariscotta Mills,"— and such has been the law ever since. R. S., c. 40, § 31. That part of the Damariscotta river in which the alleged offense was committed is not within the exempted part. When the exemption was repealed, the general law,—all the general laws applicable to "smelts," or "migratory fishes,"—took effect as to the part not exempted, and thereby necessarily repealed the previously existing local and inconsistent act of 1867.

These restrictive fish laws are all in derogation of the common law, and of public right (*Moulton* v. *Libbey*, 37 Maine, 472,) ; and nothing should be presumed in their favor. Since the "smelt" first became a subject of legislation, various laws have been enacted, groping and experimenting to find what legislation, if any, the smelt needed, always repealing everything inconsistent, and generally inconsistent with all that had preceded.

In 1878, when the exemption of the lower Damariscotta river was removed, and only a week later, another general fishery

law was passed, containing provisions alike inconsistent with the local act of 1867. Public Laws, 1878, c. 75.

The multiplicity of counts in plaintiff's declaration, and the uncertainty, in the absence of specification as to whether he intends to declare on one violation under different dates and in slightly varying form, or on a succession of distinct violations, makes his writ demurrable. In a *qui tam* action, as in criminal practice, separate offenses should not be charged in one suit or prosecution.

The conclusion of plaintiff's writ is not appropriate to an action of debt.

*W. H. Hilton,* for plaintiff.

WHITEHOUSE, J. General demurrer to the writ containing eleven counts in an action based on Chap. 190, of the Private and Special Laws of 1867, to recover the penalty for taking smelts from the Damariscotta river, by the use of nets and seines, in December, 1889, and January, 1890.

The first objection interposed by the defense is that the act above-named has been repealed by subsequent legislation. The first section of the act provides that during the months of December, January, February and March, of each year, no person shall "take fish by the use of nets or seines, from the Damariscotta river, so far up said river as the tide-waters extend."

There is no law which in terms repeals this act by express reference to it, but it is a well-settled rule of interpretation that when a new statute covers the whole subject matter of an old one, adds offenses and prescribes different penalties for those enumerated in the old law, the former statute is repealed by implication, and the most recent expression of the legislative will regarded as the only one having the force of law. *Norris* v. *Crocker,* 13 How. 438; *Commonwealth* v. *Kelliher,* 12 Allen, 481. So, also, when the latter act is inconsistent with or repugnant to the former. *Smith* v. *Sullivan,* 71 Maine, 152. But no subsequent enactment exists which can be held under these rules to operate as a repeal of this act of 1867. There is

no subsequent act necessarily inconsistent with it and no act which can be deemed a substitute for it as embracing all of its provisions. The Damariscotta river, was expressly exempted from the operation of the provisions of Chap. 70, Laws of 1869, Chap. 161, Laws of 1870, and of Chap. 40 of the R. S., of 1871, by force of sections 30, 12, and 50, of those chapters, respectively. It appears, however, that by Chap. 23 of the Public Laws of 1878, this general exemption of Damariscotta river, was limited to so much of the waters of Damariscotta river as are west of the railroad bridge in Damariscotta Mills; and it is contended in behalf of the defendant that, as to the part not exempted, all the general laws applicable to the subject immediately took effect and thereby repealed the antecedent enactment of 1867, with which it is claimed they were inconsistent. But the laws relating to the subject-matter in force at that time were not inconsistent with the act of 1867. Chapter 23 of the Public Laws of 1878, did not become effective as a law until March 23, 1878, thirty days after the adjournment of the legislature passing the act; while the general revision of the fishery laws found in Chap. 75 of the Laws of the same year, took effect when approved, February 21, 1878. Thus it appears, that, when the exemption of Damariscotta river was limited by chap. 23 of the Laws of 1878, the only law applicable to the subject, then in force, was chap. 75 of the Laws of 1878; and it will be seen on examination that this act contains no provisions relating to smelts inconsistent with Chap. 190 of the Private and Special Laws of 1867. The prohibition of the latter act extends only to the months of December, January, February and March. It contains no restrictions with respect to the remainder of the year; while section 11 of Chap. 75 of the Laws of 1878, prohibits the taking of smelts otherwise than by hook and line between the first day of April and the first day of November in each year. With respect to time the two acts are exact complements of each other, and together embrace the whole year. They are not in conflict. Section 11 of Chap. 75 of the Laws of 1878, was amended in 1881, by substituting October for November, and as thus amended it now appears as

section 46 of the Revised Statutes. But this obviously had no effect to render the provision repugnant to the act of 1867. It simply left one month unguarded.

The objection that there are several counts joined in the plaintiff's declaration can not prevail as a cause for demurrer. *Allen* v. *Ham*, 63 Maine, 535 ; *Mitchell* v. *Tibbetts*, 17 Pick. 298. If any one of the counts is good, the declaration must be sustained on general demurrer. *Nat. Ex. Bank* v. *Abell*, 63 Maine, 348 ; *Blanchard* v. *Hoxie*, 34 Maine, 376.

　　　　　　　　*Exceptions sustained. Demurrer overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.